## 25647. GEORGIA POWER COMPANY v. GIBSON, Administratrix, et al.

NICHOLS, Justice. The present petition was filed against the Georgia Power Company and Jerry Marshall to set aside a deed by Marshall as grantor purporting to convey an easement to the Georgia Power Company across described lands which the plaintiffs together with Marshall had inherited from their grandfather. The defendant Georgia Power Company filed a motion for summary judgment which was overruled and upon the certification of such judgment for review the appeal was filed. The position of the Georgia Power Company is that they showed adverse possession for more than twenty years or adverse possession under color of title for more than seven years. *Held:*

1. The deed from the plaintiffs' co-tenant would be a binding deed on the plaintiffs to support possession under color of title. Compare *Street v. Collier,* 118 Ga. 470 (6) (45 SE 294); *Davis v. Harnesberger,* 211 Ga. 625, 627 (87 SE2d 841).

2. Prescriptive title to an easement is governed by the same rules as prescriptive title to land. *Code* § 85-409; *Warlick v. Rome Loan &c. Co.,* 194 Ga. 419 (1) (22 SE2d 61).

3. Where a writing to support color of title is forged or fraudulent and notice of such fact is brought home to the claimant thereunder before or at the time of the commencement of his possession no prescription shall be based thereon. *Code* § 85-407.

4. In opposition to the motion for summary judgment the plaintiff introduced records of the Georgia Power Company obtained through discovery which showed that Georgia Power Company knew that Jerry Green, the plaintiff's grandfather,

died prior to January 5, 1914, leaving ten children and no record title was in Jerry Marshall.

(a) Nothing more appearing such evidence would have presented a jury question as to whether the possession of Georgia Power Company would support a claim of adverse possession.

5. The above documentary evidence also disclosed that Jerry Green's estate was represented in 1915. If it be assumed that such representation continued then the failure to act within seven years barred the claim by laches. If such representation be assumed not to have continued for more than seven years then, since *Code* §§ 3-803 and 85-413 only toll the statute of limitation for five years, more than seven years would have expired since the expiration of any combination of times possible since the grant of the easement by the tenant in common, and even assuming that the original possession by Georgia Power Company was such that it would not support adverse possession under color of title, yet the plaintiffs are barred by laches from setting such easement aside. Compare *Harrison v. Holsenbeck,* 208 Ga. 410 (67 SE2d 311). No facts are shown as to the plaintiffs not having notice of such adverse possession since its inception. The trial court erred in denying the motion for summary judgment filed by Georgia Power Company.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 9, 1970—DECIDED FEBRUARY 19, 1970.

*Erwin, Epting, Gibson & Chilivis, Eugene A. Epting,* for appellant.

*Edgar Neely, III, Stack & O'Brien, E. Hearst Roane, Scott & Alexander, Guy B. Scott, Jr.,* for appellees.