JESSIE S. PELAEZ v. OSWALD PELAEZ v. CARLOS F. PELAEZ, SR., AND CARLOS F. PELAEZ, JR.

No. 7228SC729

(Filed 22 November 1972)

Deeds §§ 8, 9— recital of consideration — presumption of correctness — refusal to declare conveyances as deeds of gift proper

A recital of consideration in two deeds conveying land to defendant Oswald Pelaez by plaintiff Jessie Pelaez and defendant Carlos Pelaez is presumed to be correct; hence, the trial court properly granted defendants' motions for directed verdict in an action by plaintiff to have the deeds declared to be deeds of gift and therefore null and void because they were not recorded within two years from their making.

APPEAL by plaintiff from *Anglin, Judge,* 22 May 1972 Session of Superior Court held in BUNCOMBE County.

This is a civil action wherein plaintiff, Jessie S. Pelaez (now Surrency), seeks to have two deeds of conveyance (exhibits P-4 and P-5) declared to be deeds of gift and therefore null and void because they were not recorded within two years from their making as required by G.S. 47-26. The following facts are uncontroverted:

The plaintiff is the divorced wife of the additional defendant, Carlos F. Pelaez, Jr. The original defendant, Oswald Pelaez, is the brother of Carlos F. Pelaez, Jr. The additional defendant, Carlos F. Pelaez, Sr., is the father of Oswald and Carlos (Jr.) Pelaez. On 24 October 1964, Carlos F. Pelaez, Sr., conveyed the real property in question to the plaintiff and her husband, Carlos F. Pelaez, Jr., by warranty deeds recorded in Deed Book 911, page 643, and in Deed Book 912, page 15, in the office of the Register of Deeds of Buncombe County. On 11 November 1964, the plaintiff and her husband, Carlos F. Pelaez, Jr., executed and delivered two deeds (exhibits P-4 and P-5) conveying the same property to Oswald Pelaez. Exhibits P-4 and P-5 were recorded on 3 September 1970 in Deed Book 1025, pages 23 and 25, in the office of the Register of Deeds of Buncombe County. The parties stipulated that the one issue for trial was whether exhibits P-4 and P-5 were deeds of gift. At the close of plaintiff's evidence the court allowed the defendants' motions for directed verdict.

From a judgment directing a verdict for the defendants, plaintiff appealed.

*Cecil C. Jackson, Jr., for plaintiff appellant.*

*Bennett, Kelly & Long, P.A., by E. Glenn Kelly for defendant appellee, Oswald Pelaez, and Peter L. Roda for defendant appellees Carlos F. Pelaez, Sr., and Carlos F. Pelaez, Jr.*

HEDRICK, Judge.

The question presented on this appeal is whether plaintiff's evidence was sufficient to carry the case to the jury on the issue of whether exhibits P-4 and P-5 were deeds of gift.

At the trial plaintiff offered evidence tending to show that after the date of execution and delivery of exhibits P-4 and P-5 she and her husband, Carlos F. Pelaez, Jr., were divorced on 14 February 1971. Plaintiff testified:

"With reference to P-4, the Deed containing a description of three tracts, I did not receive anything, money or anything of value, upon execution of that deed. I did not discharge, as a result of execution of that deed, any debt or anything.

With reference to P-5, I did not receive any consideration or discharge any debt as a result of the execution of that deed."

"I am telling this jury that my father-in-law gave these properties to me and Carlos, Jr., my then husband, and that they were ours absolutely without any strings attached. He gave them to us before he married. He gave them to us; and there wasn't no inheritance tax to be. I didn't give anything to Oswald, nor voluntarily turn around and give them to Oswald less than a month later. I am saying that they were not gifts to Oswald, they were deeds to us. My signature is on the two deeds, but I have not, knowingly, given anything to Oswald."

Exhibits P-4 and P-5 each contain the following recital:

"WITNESSETH: That the Grantors, for and in consideration of the sum of Ten Dollars, and other good and valuable considerations to them in hand paid by the Grantees, the receipt whereof is hereby acknowledged, have

given, granted, bargained, sold and conveyed, and by these presents do give, grant, bargain, sell, convey and confirm unto the Grantees, their heirs and/or successors and assigns . . . . "

In *Speller v. Speller,* 273 N.C. 340, 159 S.E. 2d 894 (1968) it is stated:

"Ordinarily, the consideration recited in a deed is presumed to be correct. *Hinson v. Morgan,* 225 N.C. 740, 36 S.E. 2d 266. The question of consideration, however, under certain circumstances may be inquired into by the court. *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530; *Conner v. Ridley,* 248 N.C. 714, 104 S.E. 2d 845."

In *Randle v. Grady,* 224 N.C. 651, 32 S.E. 2d 20 (1944), Justice Winborne writing for the North Carolina Supreme Court said, "[D]ecisions of this Court are uniform in holding that in the purchase of land the recital acknowledging receipt of consideration contained in a deed therefor is *prima facie* evidence of that fact and is presumed to be correct."

Plaintiff has offered no evidence to overcome the presumption that the consideration recited in exhibits P-4 and P-5 is correct. Her own testimony tends to show that the deeds were not deeds of gift.

In view of our holding that the trial judge correctly allowed the defendants' motions for a directed verdict, it is not necessary that we discuss plaintiff's other assignments of error.

The judgment appealed from is

Affirmed.

Judges VAUGHN and GRAHAM concur.