WILLIAM L. HIGDON AND WIFE, JANE A. HIGDON v. KENNETH LARRY
DAVIS AND WIFE, JENCY L. DAVIS

No. 8330SC1337

(Filed 18 December 1984)

1. **Adverse Possession § 17.1; Deeds § 15.1— defeasible fee—reversion to grant-
   ors—subsequent conveyances as color of title**

   Where a deed conveying a driveway easement required, as consideration
   for the grant of the easement, that the grantee and his heirs and assigns "shall
   always maintain an all weather drive over said right-of-way" and provided
   that, if they fail to do so, "this deed shall be null and void and the rights
   hereby conveyed shall revert" to the grantors, the title to the easement
   reverted to the grantors when no driveway had been built and maintained in
   an all weather condition for seventeen years after the original conveyance, and
   subsequent conveyances of the easement by deed constituted color of title to
   the easement.

2. **Adverse Possession § 19; Easements § 6— doctrine of color of title—applicabil-
   ity to prescriptive easements**

   The doctrine of color of title is applicable to acquisition of title to an ease-
   ment by prescription so that one can acquire a prescriptive easement by
   adverse use for seven years under color of title pursuant to G.S. 1-38.

3. **Easements § 6.1— easement by prescription—hostile use or use under claim of
   right**

   Plaintiffs' evidence was sufficient for the jury to find that use of a
   driveway easement was adverse, hostile or under a claim of right rather than
   permissive where it tended to show that defendants and their immediate
   predecessors in title used the easement under a claim of right contained in
   deeds to them although owners of a servient estate attempted on various occa-
   sions to block the easement and prevent its use.

4. **Easements § 6.1— prescriptive easement—open and notorious use**

   The evidence was sufficient for the jury to find that use of a driveway
   easement was open and notorious where it tended to show that defendants'
   use of the easement was under a claim of right in a deed, that plaintiffs and
   their predecessors in title had record notice of the easement, and that plain-
   tiffs and their predecessors had attempted to block use of the easement on
   various occasions.

5. **Adverse Possession § 6; Easements § 6— prescriptive easement—color of title
   —tacking of successive adverse possessions**

   Successive adverse users in privity with prior adverse users can "tack"
   successive adverse possessions of land so as to aggregate the prescriptive
   period for an easement by prescription under color of title. Therefore, there
   was sufficient evidence from which the jury could find that adverse use of a
   driveway easement was continuous and uninterrupted for the prescriptive

period of seven years under color of title where the evidence tended to show that defendants and their immediate predecessors in title used the easement for ingress to and egress from the dominant estate from February 1971 until July 1980.

**6. Easements § 6.1— prescriptive easement—substantial identity**

There was substantial identity of a right-of-way easement where the evidence tended to show that the easement enjoyed by defendants was the same easement granted in the original right-of-way deed, there was evidence from two surveyors as to the actual location of the easement upon the ground, and defendants offered evidence that they had paved a driveway within the confines of the easement.

**7. Appeal and Error § 32— submission of issue—absence of objection—failure to include instruction in record on appeal**

The appellate court will not consider an assignment of error that the trial court erred in submitting to the jury an issue of adverse possession of an easement under color of title for seven years where there was no objection at trial to the submission of this issue and the court's instructions to the jury are not in the record on appeal.

**8. Deeds §§ 8.1, 9— sufficiency of consideration for deed**

The bare assertions of two grantors of a right-of-way deed that they did not receive money and the assertion of a witness that her husband did not receive money was insufficient to rebut the presumption of consideration arising from the recitation in the deed that it was given "in consideration of the sum of One Dollar to them in hand paid, and other valuable consideration, receipt of which is hereby acknowledged," since there were other grantors not testifying who could have received monetary consideration. Furthermore, a promise in the deed by the grantees to construct and maintain an all weather driveway in the right-of-way constituted sufficient consideration for the deed so that it was not a deed of gift.

**9. Easements § 7.2— issue as to location of easement**

Where a court-appointed surveyor and a surveyor for defendants offered conflicting testimony as to the actual location of an easement, the trial court erred in failing to submit to the jury an issue tendered by plaintiffs as to which location was the correct one.

**10. Costs § 4— surveyor's fees as part of costs**

Fees for a court-appointed surveyor are required by G.S. 38-4(d) to be taxed as part of the costs, and where the judgment of the trial court taxed the costs to plaintiffs, the plaintiffs must pay the surveyor's fees although no specific award of surveyor's fees was included in the judgment.

APPEAL by plaintiffs from *Cornelius, Judge.* Judgment entered 5 August 1983 in Superior Court, MACON County. Heard in the Court of Appeals 28 September 1984.

This is an action to quiet title in which plaintiffs, William L. and Jane A. Higdon, alleged in their complaint filed 29 July 1980

that they were owners of certain land located in Macon County in which defendants, Kenneth L. and Jency L. Davis, claimed an easement adverse to plaintiffs' title. Plaintiffs requested that defendants' claim be determined and title quieted in plaintiffs.

The evidence at trial tends to show that plaintiffs and defendants hold title to their respective lands from a common source. By right-of-way deed dated 14 June 1948, plaintiffs' predecessor in title, Hallie C. Cozad, widow, and others, conveyed to defendants' predecessor in title, R. D. Rogers, an easement for a 12' wide roadway across plaintiffs' predecessors' lands.

In the right-of-way deed immediately following the description of the easement, the following appears:

> This right of way is given to the party of the second part [defendant's predecessor in title] for the purpose of constructing a graveled driveway to the property of party of the second part, and the parties of the first part [plaintiff's predecessor in title] reserve unto themselves, their heirs and assigns, the right in common with party of the second part, to use said right of way for ingress and egress to their property . . .

> The consideration for which this right of way deed is made is that party of the second part, his heirs and assigns, shall always maintain an all weather drive over said right of way and should they fail to do so this deed shall be null and void and the rights hereby conveyed shall revert to parties of the first part, their heirs and assigns.

The easement for a driveway and the conditions associated with it have been passed by deed along defendants' chain of title. The land and the easement were deeded to defendants by their immediate predecessor in title on 5 January 1976.

The owners and the dates they took title in defendants' chain of title are listed in reverse order as follows:

Emmerson G. and Marjorie H. Crawford—10 February 1971

L. C. and Frances Higdon—8 September 1965

Marshall and Freddie McElroy—19 August 1965

W. G. and Avis Hall—21 July 1948

R. D. and Ellen Rogers—21 May 1946

R. D. and Ellen Rogers received title to the easement by right-of-way deed dated 14 June 1948. This right-of-way deed was not registered until 10 June 1959.

There was conflicting testimony at trial as to whether defendants and their predecessors in title had constructed a gravel driveway within a reasonable time and whether there always had been maintained an all weather driveway as required by conditions in the right-of-way deed. There was also conflicting evidence as to the easement's actual location on the ground.

The case was tried before a jury which answered the issues submitted as follows:

> 1. Did the Defendants and their predecessors in title fail to construct within a reasonable time a driveway, and thereafter, fail to always maintain the same in an all-weather condition, as contemplated in the easement deed from Hallie C. Cozad and others to R. D. Rogers dated June 14, 1948?

The jury answered this issue "yes."

> 2. Have Defendants and their predecessors in title acquired an easement over the land of the Plaintiffs by adverse use of the road . . . for a period of 20 years before this action was filed on July 29, 1980?

The jury answered this issue "no."

> 3. Did Defendants and their predecessors in title acquire an easement over the land of the Plaintiffs by adverse use of the road . . . for a period of 7 years under the easement deed from R. D. Rogers and wife to W. G. Hall and wife?

The jury answered this issue "yes."

Plaintiffs appeal. Defendants cross appeal assigning as error the denial of defendants' motion for directed verdict and judgment notwithstanding the verdict concerning the issue of the defeasance language in the easement deed from Hallie C. Cozad and others to R. D. Rogers, dated 14 June 1948.

*Coward, Coward, Dillard and Cabler, by Orville D. Coward, Jr., for plaintiff-appellants.*

*Jones, Key, Melvin and Paton, by R. S. Jones, Jr. for defendant-appellants.*

EAGLES, Judge.

I

This case presents an issue of first impression; whether one can acquire a prescriptive easement by adverse use for seven years under color of title pursuant to G.S. 1-38. The jury answered this issue in the affirmative and plaintiffs assign as error the trial court's refusal to grant a directed verdict or judgment notwithstanding the verdict on this issue. For the reasons herein stated, we find no error in the trial court's refusal to grant plaintiffs' motions.

A. APPLICABILITY OF COLOR OF TITLE TO PRESCRIPTIVE EASEMENTS.

[1] In determining whether the doctrine of color of title pursuant to G.S. 1-38 can be applied in any case, we first consider whether "color of title" is actually present. Color of title is generally defined as a written instrument which purports to convey the land described in the written instrument, but fails to do so because of:

1. Want of title in the Grantor, or

2. Some defect in the mode of conveyance.

*Price v. Tomrich Corp.,* 275 N.C. 385, 167 S.E. 2d 766 (1969). If these defects do not exist, title is actually passed by the instrument and there can be no color of title.

As applied to this case, the evidence at trial tended to show that Emmerson G. Crawford and wife transferred by general warranty deed to defendants certain land identified by a metes and bounds description. In addition to the metes and bounds description, the deed contains the following language:

Parties of the first part [Crawfords] further convey to parties of the second part [defendants], their heirs and assigns, an

easement for a roadway 12 feet in width, the South Margin of which runs as follows: Beginning on an iron rod, said point being located North 5 degrees 30 minutes West 79.6 feet from the second and Southwest corner of the land described herein; runs thence South 85 degrees 10 minutes West 83 feet to the East margin of Porter Street.

This easement is a driveway that runs across plaintiffs' adjoining land to a city street. The Crawfords excepted the easement from the warranties contained in the deed, but nevertheless conveyed the easement on the face of the deed to defendants.

This easement described in the deed from the Crawfords to defendants is the same easement conveyed by the remaining deeds in defendants' chain of title. The three preceding deeds grant the easement by referring to the easement as it appears in the fourth preceding deed from R. D. Rogers and wife to W. G. Hall and wife. The language in the Rogers to Hall deed conveys the easement as follows:

Parties of the first part [Rogers] further convey to parties of the second part a right of way 12 feet wide over the following described land: BEGINNING at the Northwest corner of the Co-Jo Filling Station property on the East side of Porter Street in the Town of Franklin, running thence with the North line of said property in an Easterly direction to the West line of the land above described at the Northeast corner of the Co-Jo property; thence with the West line of the land above described in a Northerly direction 12 feet; thence in a Westerly direction parallel to the first line to the East margin of Porter Street; thence with the East margin of Porter Street in a Southerly direction 12 feet to the point of BEGINNING, being the right of way described in a deed from Hallie C. Cozad, widow, et al, to R. D. Rogers, dated June 14, 1948, and this deed is made subject to the conditions contained in said right of way deed.

The beginning deed for the easement in defendants' chain of title is a right-of-way deed from Hallie C. Cozad, widow, et al., to R. D. Rogers dated 14 June 1948. Mrs. Cozad is the common source of title to the lands of plaintiffs and defendants. The conditioning language in the right-of-way deed, which is specifically referred to in the deed from Rogers to Hall, requires, as con-

sideration for the deed, that the grantee and his heirs and assigns "shall always maintain an all weather drive over said right-of-way." Should the original grantee or his heirs or assigns fail to maintain an all weather driveway, then the right-of-way deed "shall be null and void and the rights hereby conveyed shall revert [to the grantor]."

Plaintiffs argue that there can be no color of title based on the Rogers to Hall conveyance because there was no evidence that the Rogers lacked title to the easement at the time they conveyed it to the Halls. We agree but note that the Halls did not have good title to the easement when they conveyed the easement by deed on 19 August 1965 to Marshall and Freddie McElroy, defendants' predecessors in title. This absence of good title was due to the defeasance of the easement by reason of the Halls' failure to build a gravel driveway within a reasonable time and their failure to maintain the driveway in an all weather condition.

There was evidence at trial that tended to show that R. D. Rogers and wife held the property, which later became the dominant tract, from 21 May 1946 to 21 July 1948. The Rogers' property became the dominant tract when Hallie C. Cozad, widow, et al., conveyed to the Rogers a right-of-way deed for a driveway, subject to conditions, on 14 June 1948. On 21 July 1948, the Rogers conveyed the dominant tract to W. G. Hall and wife. The Halls owned the easement from 21 July 1948 to 19 August 1965, a period of 17 years. The Rogers owned the easement for less than a month.

While less than one month of ownership may not be a reasonable time within which to build and thereafter maintain a driveway in an all weather condition, 17 years of ownership is more than a reasonable time in which to complete the conditions called for in the right-of-way deed.

There was evidence at trial that the driveway had not been built and that the called-for driveway was not maintained in an all-weather condition during the period that the property and easement was owned by W. G. Hall and wife. This evidence was sufficient for the jury to conclude that the conditions in the right-of-way deed had not been met. For this reason, W. G. Hall and wife had no title to the easement to transfer to a subsequent

grantee. The defeasance had operated during the Halls' owner-ship and the title to the easement had reverted to the grantors of the easement, their heirs and assigns. Any subsequent grant of the easement by deed is color of title to that easement.

When the description in a deed embraces not only the land owned by the grantor, but also contiguous land which he does not own, the instrument conveys the property to which the grantor had title and constitutes color of title to that portion which he does not own. *Lane v. Lane*, 255 N.C. 444, 121 S.E. 2d 893 (1961). Since the deeds subsequent to the ownership of the easement by W. G. Hall and wife purported to grant an easement in which the grantors had no title, we hold that there was sufficient evidence of color of title.

[2] Having found that color of title exists here, we next consider whether the doctrine of color of title is applicable to acquisition of title to an easement by prescription. We hold that it is applicable.

Several legal principles relating to easements by prescription have evolved in our appellate decisions:

(1) The burden of proving the elements essential to the acquisition of a prescriptive easement is on the party claim-ing the easement. *Williams v. Foreman*, 238 N.C. 301, 77 S.E. 2d 499 (1953).

(2) The law presumes that the use of a way over another's land is permissive or with the owner's consent unless the contrary appears. *Henry v. Farlow*, 238 N.C. 542, 78 S.E. 2d 244 (1953).

(3) The use must be adverse, hostile, and under a claim of right. *Dulin v. Faires*, 266 N.C. 257, 145 S.E. 2d 873 (1966).

(4) The use must be open and notorious. *Snowden v. Bell*, 159 N.C. 497, 75 S.E. 721 (1912).

(5) The adverse use must be continuous and uninter-rupted for a period of twenty years. *Speight v. Anderson*, 226 N.C. 492, 39 S.E. 2d 371 (1946).

(6) There must be substantial identity of the easement claimed. *Hemphill v. Board of Aldermen*, 212 N.C. 185, 193 S.E. 153 (1937).

Plaintiff argues that the prescriptive period for acquiring title to an easement is judge-made law and the correct prescriptive period is 20 years. *Speight v. Anderson, supra; Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897 (1974). Plaintiff also argues correctly that this twenty-year prescriptive period is analogous to G.S. 1-40 which requires a twenty-year period for gaining title to real property under adverse possession.

It appears that our appellate decisions have not made a similar analogy to G.S. 1-38, the statute of limitations for adverse possession under seven years' color of title. Based on sound policy reasons, we hold that G.S. 1-38 is applicable to prescriptive easements.

Previous cases holding that the prescriptive period is twenty years did not definitively address the issue of color of title.

In *Adams v. Severt,* 40 N.C. App. 247, 252 S.E. 2d 276 (1976), this court had an opportunity to address the application of G.S. 1-38 to the acquisition of title to an easement. However, the reservation of an easement by deed in that case was ineffective. The description of the easement in the deed was insufficient to identify and locate it. This court held that where the reservation of an easement in a deed was ineffective, the claim of adverse possession of the easement under color of title pursuant to G.S. 1-38 was also ineffective.

The right-of-way easement deed here has no fatal defect such as appeared in *Adams v. Severt, supra.* The deeds in defendants' chain of title adequately describe and locate the easement and are sufficient to serve as color of title.

Generally, except in a few states in which the statutory period for acquiring title to real property is held *not* to apply (Tennessee, Florida and Utah), the period necessary for acquiring title to an easement by prescription is, by analogy, the period limited for the acquisition of title to land by adverse possession. Most of the adverse possession of realty statutes do not, by their terms, apply to prescriptive rights, but to the acquisition of corporeal hereditaments only. 28 C.J.S., Easements, Section 16 (1941 and Supp. 1984). (Alaska, Arizona, Kansas, Mississippi, New Mexico, New York, Pennsylvania, Texas and Washington.) The discussion of acquisition of easements by prescription in Hetrick's

revision of *Webster's Real Estate Law in North Carolina,* states that by analogy, the statute of limitations applicable for acquiring title to land by adverse possession (G.S. 1-40) serves as the basis for presuming the grant of an easement. Hetrick, *Webster's Real Estate Law in North Carolina,* Section 318 (1981). If G.S. 1-40 is applicable by analogy as the prescriptive period for acquiring the grant of an easement, we find no compelling reason to refuse to apply G.S. 1-38 as a method to acquire the grant of an easement under color of title where it is shown to exist. Where one can acquire fee simple title to the greater interest under color of title pursuant to G.S. 1-38, common sense dictates that, in the absence of statutes to the contrary, one should also be able to acquire title to easements appurtenant to that interest in the same statutory period. To hold otherwise would require the grantee to wait twenty years to gain title to an easement he had bargained for in the deed from his grantor, when he would be required to wait only seven years for the real property itself, if the grantor had not in fact had title to convey. This is not logically consistent and would produce harsh results.

As applied here, G.S. 1-38 avoids a hardship where defendants were conveyed real property with an easement appurtenant and the grantor had title to the real property, but not the easement. Because the easement was conveyed in the deed and relied on by defendants, who then began to use the easement, and in fact paved a driveway over it, color of title should operate to give defendants title to the easement. Defendants assert that this result is in line with the law of other states on the same issue.

While the law of other jurisdictions does not bind our appellate courts, opinions from other states can offer guidance. In *Warlick v. Rome Loan and Finance Company,* 194 Ga. 419, 22 S.E. 2d 61 (1942) the Georgia Supreme Court held:

> Where other elements of prescription are present, adverse possession, under written evidence of title, for seven years, shall give title by prescription . . . This provision of law applies in a like manner to easements. 194 Ga. at 421, 22 S.E. 2d at 63.

In *Georgia Power Company v. Gibson,* 226 Ga. 165, 173 S.E. 2d 217 (1970) Georgia Power Company alleged adverse possession of a prescriptive easement for more than twenty years or adverse

possession under color of title for seven years. The Georgia Supreme Court again held that prescriptive title to an easement is governed by the same rules as prescriptive title to land. It further held that the deed in question supported possession of the easement for seven years under color of title. 226 Ga. at 165, 173 S.E. 2d at 218. The Georgia cases stand for the proposition that an easement may be acquired by prescription in twenty years *unless* there is some color of title, in which case only seven years is required. *Smith v. Clay*, 239 Ga. 220, 236 S.E. 2d 346 (1977). We hold that by application of G.S. 1-40 (20 years' possession) and G.S. 1-38 (possession for seven years under color of title) that a similar rule applies to the acquisition of prescriptive easements in North Carolina. In those cases where the other elements of prescription are present, adverse possession of an easement under written color of title for seven years pursuant to G.S. 1-38 shall give title to the easement by prescription.

Having determined that G.S. 1-38 is applicable to prescriptive easements where all other elements of prescription are present, we next consider whether all of the elements of prescription are present here. We hold that they are.

(1) The use must be adverse, hostile or under a claim of right. *Dulin v. Faires, supra.*

[3]   To establish that a use is hostile rather than permissive, it is not necessary to show that there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate. A hostile use is simply a use of such nature and exercise under circumstances which manifest and give notice that the use is being made under a claim of right. There must be some evidence accompanying the use which tends to show that the use is hostile in character and tends to repel the inference that the use is permissive and with the owner's consent. A mere permissive use of a way over another's land, however long it may be continued, can never ripen into an easement by prescription. *Dickinson v. Pake*, 284 N.C. 576, 580, 201 S.E. 2d 897, 900 (1973).

As applied to the instant case, we note that the adverse use is under a claim of right contained in a deed from defendants' grantors. Further, there was evidence at trial that tended to show that defendants and their immediate predecessors in title,

the Crawfords, used the easement during their respective owner-ships of the dominant tract from February 1971 until this action was filed on 29 July 1980 pursuant to the grant of the easement. There was further evidence from Emmerson G. Crawford and defendant Kenneth L. Davis that owners of the servient estate had attempted to block the easement and prevent its use. These attempted closings of the easement took place between 1971 and 1972 when the Linvilles owned the servient tract and again between 1976 and 1980 when plaintiffs owned the servient tract. Both Crawford and defendant Davis testified that they asserted their right to use the easement in question and continued to use it. This was sufficient evidence upon which a jury could find that the use of the easement was adverse, hostile or under a claim of right and not permissive.

(2) The use must be open and notorious. *Snowden v. Bell, supra.*

[4]  The term adverse use or possession implies a use or possession that is not only under a claim of right, but that it is open and of such character that the true owner may have notice of the claim. This may be proven by circumstances as well as by direct evidence. *Dickinson v. Pake*, 284 N.C. at 581, 201 S.E. 2d at 900.

As applied here, evidence at trial tended to show an actual use of land under a claim of right contained in a deed. Further, plaintiffs and their predecessors in title had record notice of the easement. Evidence that there were attempts to block the easement is indicative that plaintiffs had notice and that the defendants' use of the easement was open and notorious.

(3) The adverse use must be continuous and uninterrupted for a period of twenty years, *Speight v. Anderson, supra,* unless there is written color of title, in which case the adverse use must be continuous and uninterrupted for a period of seven years.

[5]  The continuity required is that the use be more or less frequent according to the nature of the easement. *Dickinson v. Pake*, 284 N.C. at 581, 201 S.E. 2d at 900, 901.

As previously noted, the prescriptive period for acquiring an easement by prescription in North Carolina is now seven years where the claim is under color of title pursuant to G.S. 1-38.

The burden is on defendants to show that they used the easement more or less frequently according to the nature of the easement and that they used the easement for seven years. Defendants have done so.

There was evidence at trial that tended to show that Emmerson G. Crawford and wife became owners of the dominant tract in February 1971. Defendants became owners of this same dominant tract, by deed from the Crawfords as grantors, in January of 1976. This action was brought in July of 1980. *Trust Co. v. Miller*, 243 N.C. 1, 89 S.E. 2d 765 (1955), holds that one who has color of title can "tack" his possession with successive possessions for the purpose of showing a continuous adverse possession for seven years under color of title because there is privity of estate. It is also true in North Carolina that successive adverse users in privity with prior adverse users can "tack" successive adverse possessions of land so as to aggregate the prescriptive period for an easement by prescription. *Dickinson v. Pake*, 284 N.C. at 585, 201 S.E. 2d at 903; Hetrick, *Webster's Real Estate Law in North Carolina*, Section 322 (1981). Since the doctrine of tacking applies to the acquisition of easements as well as to adverse possession of land generally, it is clear that defendants here had at least seven years continuous and uninterrupted use of the easement between February 1971 and July 1980.

It should be noted that the Crawfords' possession under their deed from L. C. Higdon and wife did not amount to possession for seven years. However, when the defendants' possession is "tacked" onto the Crawfords' period of possession, the requirement of seven years' possession is met.

At trial there was evidence to show that in addition to the required seven years' possession the easement was used for ingress and egress to the dominant estate. The easement was for a driveway and it was to that use that the easement was put.

From the record we conclude that there was sufficient evidence from which the jury could find that the adverse use of the easement was continuous and uninterrupted for the prescriptive period of seven years under color of title.

(4) There must be substantial identity of the easement claimed. *Hemphill v. Board of Aldermen, supra.*

[6] This rule contemplates a definite and specific line to which the user of the easement is confined. There may be slight deviations in the line of travel but there must be substantial identity of the easement enjoyed. *Dickinson v. Pake*, 284 N.C. at 581, 201 S.E. 2d at 901.

There was evidence at trial that tended to show that the easement enjoyed by defendants was the same easement granted in the original right-of-way deed. Further, there was evidence from two surveyors as to the actual location of the easement upon the ground. The testimony of the two surveyors conflicted somewhat creating an issue of fact for the jury, as discussed *infra*. Defendant Kenneth L. Davis also offered evidence that he had paved a driveway within the confines of the easement. This was sufficient evidence from which the jury could find that there was substantial identity of the easement claimed.

B. PLAINTIFFS' MOTIONS FOR DIRECTED VERDICT AND JUDGMENT NOTWITHSTANDING THE VERDICT.

A motion for directed verdict raises the question as to whether there is sufficient evidence to go to the jury. The standard to be applied is that when the evidence is taken as true and considered in the light most favorable to the non-movants, a directed verdict may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the non-movant. *Younts v. Insurance Company*, 281 N.C. 582, 189 S.E. 2d 137 (1972); *Dickinson v. Pake, supra.*

When so viewed, defendants' evidence tends to show and would permit but not compel a jury to find that:

(1) Defendants and their predecessors in title, the Crawfords, used the easement described in the deed in question for the purpose of a driveway from February 1971 until July 1980.

(2) The use of the easement commenced before plaintiffs acquired the servient estate and was continued under such circumstances as to give plaintiffs notice that the use was adverse, hostile and under a claim of right.

(3) The use was open and notorious and with plaintiffs' full knowledge.

This evidence was sufficient to rebut the presumption that the use was permissive and was sufficient to carry the issue to the jury. The trial court properly denied plaintiffs' motion for directed verdict. *Dickinson v. Pake, supra.*

The propriety of granting a motion for judgment notwithstanding the verdict is determined by the same considerations as a motion for a directed verdict. Consequently, since the evidence offered by defendants in this case as to adverse possession of the easement under seven years' color of title was sufficient to withstand plaintiffs' motion for directed verdict at the close of all the evidence, the trial court properly denied plaintiffs' motion for judgment notwithstanding the verdict. *Dickinson v. Pake, supra.*

## II

[7] Plaintiffs next argue that the trial court erred as a matter of law in submitting the issue of adverse possession of an easement under seven years' color of title to the jury.

We note that the record does not disclose an objection to the submission of this issue to the jury at the trial of this action. Rule 10(b)(2), Rules of Appellate Procedure, prohibits a party from assigning as error any portion of the jury charge or omission unless an objection was made before the jury retires to consider its verdict. If the trial court properly charged on this issue, plaintiffs may not be heard to complain now on appeal. We note that the jury instructions are not in the record, further undermining plaintiffs' right to complain on appeal.

As to the framing of issues put to the jury, we note:

A party who is dissatisfied with the form of the issues or who desires an additional issue should raise the question at once, by objecting or by presenting the additional issue. If a party consents to the issues submitted or does not object at the time or ask for a different or an additional issue, he cannot make the objection later on appeal. *Baker v. Construction Corp.*, 255 N.C. 302, 307, 121 S.E. 2d 731, 735 (1961).

The record before us shows no jury instructions and no objection by the plaintiffs to the issue submitted to the jury concerning acquisition of a prescriptive easement under seven years'

color of title. For this reason, we do not consider this assignment of error.

## III

[8] Plaintiffs next assign as error the trial court's directed verdict against plaintiffs on the issue of a deed of gift which is void if not proved and registered within two years after its making and the exclusion of a documentary exhibit and certain testimony of two witnesses. We find no error.

The basis of plaintiffs' argument is that the right-of-way deed from Hallie C. Cozad, widow, et al., to R. D. Rogers was a deed of gift that became void when it was not registered within two years of its making on 14 June 1948.

G.S. 47-26 provides:

All deeds of gift of any estate of any nature shall within two years after the making thereof be proved in due form and registered, or otherwise shall be void, and shall be good against creditors and purchasers for value only from the time of registration.

If consideration has been paid for the deed, it is not a deed of gift and its recordation is necessary only as against purchasers for value and lien creditors. A deed of gift is, of course, valid as to the parties and their heirs and assigns. Hetrick, *Webster's Real Estate Law in North Carolina*, Section 381 (1981).

As applied here, plaintiffs' assignment of error requires a determination of whether there was consideration given for the grant of the right-of-way deed. We hold that there was adequate consideration and that the right-of-way deed was not a deed of gift.

There must be some value given by the grantee to the grantor in return for the deed to prevent its being a deed of gift. The grantee must give to the grantor "some legal rights . . . to which the grantor would not otherwise have been entitled."

The right-of-way deed from Hallie C. Cozad, widow, et al., to R. D. Rogers dated 14 June 1948 contains the following language:

WITNESSETH; That for and in consideration of the sum of One Dollar to them in hand paid, and other valuable consideration, receipt of which is hereby acknowledged . . .

Where a deed recites the payment and receipt of a consideration, it is presumed to be correct and is prima facie evidence of that fact. *Pelaez v. Pelaez*, 16 N.C. App. 604, 192 S.E. 2d 651 (1972), *cert. denied* 282 N.C. 582, 193 S.E. 2d 745 (1973); *Speller v. Speller*, 273 N.C. 340, 159 S.E. 2d 894 (1968). However, it is also true that this presumption of consideration may be rebutted by parol evidence. *Westmoreland v. Lowe*, 225 N.C. 553, 35 S.E. 2d 613 (1945).

Mrs. Mildred C. Brown, a grantor in the right-of-way deed from Hallie C. Cozad, widow, et al., to R. D. Rogers, testified that neither she nor her husband, also a grantor under the right-of-way deed, received any money as a result of the granting of the easement in question. John O. Wall, also a grantor under the right-of-way deed, testified that he had not received any money from the transfer of the easement.

The other grantors in the right-of-way deed did not testify. Hallie C. Cozad is 98 years old and confined to a nursing home, C. S. Brown, Jr. is an invalid and Margaret C. Wall is deceased. We hold that the bare assertions of two of the grantors that they did not receive money and the assertion of the witness Brown that her husband did not receive money is insufficient to rebut the presumption of the consideration recited as paid and received in the right-of-way deed since there were other grantors not testifying who could have received monetary consideration.

Plaintiffs argue that it was error to exclude the testimony of the witness Brown as to whether Hallie C. Cozad had ever received money for the transfer of the easement. The witness Brown testified that Hallie C. Cozad was her mother and that she had "looked after [Mrs. Cozad's] business since 1964." The witness attempted to testify that Hallie C. Cozad did not receive money but an objection was sustained.

We note that Hallie C. Cozad did not utilize Mrs. Brown to look after her business affairs from the date of the transfer of the easement, 14 June 1948, until sometime in 1964. This indicates that Mrs. Brown lacked opportunity to know whether Hallie C.

Cozad had ever received money for the transfer of the easement. For this reason, the trial court did not err in refusing to admit this testimony.

Plaintiffs argue that it was error to exclude the testimony of the witness John O. Wall as to whether his wife, Margaret C. Wall, had received money for the transfer of the easement. No foundation was laid to show that the witness Wall had any personal knowledge as to whether his wife actually received any money. For this reason the trial court did not err in refusing to admit her testimony.

The right-of-way deed from Hallie C. Cozad, widow, et al., to R. D. Rogers, in addition to reciting the receipt of one dollar, also contains the following language indicating other valuable consideration:

> The consideration for which this right of way deed is made is that party of the second part [grantee], his heirs and assigns, shall always maintain an all weather drive over said right of way . . .

The consideration recited is executory. There is a requirement of future maintenance which necessarily incorporates an implied-in-fact promise that grantee, his heirs and assigns will actually perform the maintenance required to keep the driveway in an all-weather condition.

There is consideration if the promisee [here the grantor] in return for the promise, does anything legal which he is not bound to do, whether there is any actual loss or detriment to him, or actual benefit to the promisor or not. *Foundation, Inc. v. Basnight*, 4 N.C. App. 652, 167 S.E. 2d 486 (1969). Hallie C. Cozad and others as grantors conveyed the right-of-way in exchange for the implied-in-fact promise to construct and maintain the right-of-way as required by the conditioning language of the deed. The implied-in-fact promise is the consideration for the right-of-way deed and is sufficient to support the trial court's directed verdict on the issue of deed of gift.

Plaintiffs offered into evidence an "affidavit" to the effect that the conditions in the right-of-way deed had not been complied with. The trial court properly refused to admit the exhibit.

Plaintiffs argue that the "affidavit" was only offered as "corroboration" of the testimony of witnesses Brown and Wall on the issue of whether the conditions of the right-of-way deed were complied with.

We note that the application of the rules regulating the reception and exclusion of corroborative evidence, so as to keep its scope and volume within reasonable bounds, is necessarily a matter which rests in large measure in the discretion of the trial court. *Gibson v. Whitton*, 239 N.C. 11, 79 S.E. 2d 196 (1953). Plaintiffs show no abuse of discretion by the trial court. Absent a showing of abuse of discretion, the trial court's ruling will be upheld on appeal.

Further, it appears to us that the "affidavit" is not relevant as to whether there was in fact consideration — an implied-in-fact promise — present in the instant case. Although the "affidavit" was not offered into proof at trial, plaintiffs purport to include it in the record on appeal. The "affidavit" shows nothing more than the conclusory statement that the implied-in-fact promise was breached. The "affidavit" does not show that the implied-in-fact promise was never made. For these reasons, the trial court did not err in refusing to admit the affidavit.

The evidence offered by plaintiffs was insufficient to support a verdict in plaintiffs' favor on the issue of a deed of gift. We hold that the trial court did not err in directing a verdict against plaintiffs on this issue.

IV

[9] Plaintiffs next assign as error the trial court's failure to submit to the jury issue number 1 of plaintiffs' tendered issues. We agree that there was error.

Issue number one of plaintiffs' tendered instructions reads:

1. Does the description in the right of way deed dated June 14, 1948 describe the green area, G, H, I, J, G or the red area, C, E, F, D, C?

The court-appointed surveyor and the surveyor for defendants offered conflicting testimony as to the actual location of the easement using a map identified as "Court's Exhibit." The two

conflicting locations were shown on the map as a red rectangle and a green rectangle. The rectangles overlapped somewhat with the result being an approximate variance of four and a half feet along the common boundary between the lands of plaintiffs and defendants.

While either rectangle shows a substantial identity of the easement for purposes of acquiring an easement by prescription, a factual issue was presented that was properly for the jury to decide.

Defendants argue that by answering the issue in the affirmative as to possession under seven years' color of title, the jury found that the green rectangle showed the boundaries of the easement. We do not agree.

Had plaintiffs' issue number 1 been presented to the jury, the jury could have concluded that the easement was contained in the boundaries of the red rectangle. For this reason it was error to withhold this issue from the jury and a new trial must be had to determine only the location of the easement upon the ground.

V

[10] Plaintiffs next assign as error the trial court's omission from the judgment of an award of a fee to the court-appointed surveyor. The amount of the fee is $475.00 and is not in dispute.

Defendants argue that G.S. 38-4(d) requires that fees for court-appointed surveyors be taxed as part of the costs. We agree.

The judgment of the trial court taxed costs to plaintiffs. For this reason it was unnecessary for the trial court to include an award of surveyor's fees in the judgment. Since the surveyor's fees are properly part of the costs pursuant to G.S. 38-4(d), plaintiffs must pay the surveyor's fees.

VI

Defendants cross assign as error the failure of the trial court to direct a verdict in defendants' favor or to grant defendants' motion for judgment notwithstanding the verdict concerning the defeasance language in the easement deed from Hallie C. Cozad, widow, et al., to R. D. Rogers, dated 14 June 1948.

We note that our decision affirming the jury's verdict as to defendants' possession of the easement under seven years' color of title makes this assignment of error moot.

The judgment of the trial court is affirmed except as to that part of the judgment that locates the easement within the green lines on the court map which is reversed.

Because it was error for the trial court to refuse to submit plaintiffs' issue number 1 to the jury, we order a new trial to determine only the location of the easement upon the ground as being within the area marked by the green lines or within the area marked by the red lines on the court map.

Affirmed in part, reversed in part and remanded for a new trial.

Judges WEBB and WHICHARD concur.