1231

Larry H. STAFFORD, Appellant v. Dianne M. STAFFORD, Respondent.

(373 S. E. (2d) 699)

Court of Appeals

*William N. Epps, Jr.*, Anderson, *for appellant.*

*James E. Barfield*, Lexington, *for respondent.*

Heard Sept. 14, 1988.

Decided Oct. 31, 1988.

GARDNER, Judge:

This is a domestic relations case between Dianne M. Stafford (the wife) and Larry H. Stafford (the husband). Prior to this case, the wife in 1980 brought an action for separate maintenance and support in Greenville County which resulted in an order settling custody of the parties' children, possession and use of the marital residence and ownership of certain items of personal property. Thereafter the husband instituted an action for divorce in Anderson County in which action the parties were divorced but all other matters were reserved for later disposition.

The appealed order of this case resulted from a petition by the husband for reduction of his support obligation and equitable distribution of the marital estate. The wife moved to strike the portions of the petition seeking equitable division of the property. At the hearing of this case, the trial judge orally stated that he had no jurisdiction to address

equitable distribution of the marital estate of the parties. He, however, issued a written order holding that equitable distribution had been determined in the Greenville County suit for maintenance and support. Based upon this ruling, the appealed order granted the wife's motions to strike from the husband's petition the allegation that he is entitled to equitable distribution of the marital estate. We reverse and remand.

The issues of merit are (1) whether the 1980 order equitably divided the marital estate and (2) if not, whether the trial judge erred in striking the husband's allegation demanding an equitable distribution of the marital estate.

## I.

The pertinent provision of the 1980 order is:

> The Petitioner shall have the sole use and possession of the residence of the parties, with the Respondent to make payments on said residence. In addition, the Respondent shall pay the taxes and insurance on the home, should the house payment not include these payments at some point in the future. Of these house payments, one-half of this sum shall be considered child support and one-half of this sum shall be considered alimony.

The 1980 order went on to provide that the wife would have the "permanent use, possession and ownership" of the household furnishings and a 1974 Maverick automobile.

Interpretation of a judgment does not constitute a challenge or an attack thereon. 46 Am. Jur. (2d) *Judgments* Section 72 (1969).

The 1980 order awarded possession of the marital home to the wife; the awarding of possession of the marital home was an incident of support. And we so hold. A party who is granted possession of a residence as an incident of support does not obtain a vested right to remain in the home for his or her lifetime. Rather, changed circumstances may necessitate a future change in such a provision. *Whitfield v. Hanks*, 278 S. C. 165, 293 S. E. (2d) 314 (1982).

Moreover, the 1980 order neither identified nor evaluated the marital estate. We hold that the disposition of property involved in the 1980 action was merely incidental to the

separation, and not a true property settlement. *See Winterbottom v. Winterbottom*, 268 S. C. 361, 324 S. E. (2d) 14 (1977).

For the reasons stated, we hold that the trial judge erred in holding that the 1980 order made an equitable distribution of the marital estate and therefore erred in holding that the court did not have jurisdiction in this cause to equitably divide the marital estate. And we so hold.

## II.

Paragraph three of the husband's petition alleged that he was entitled to an equitable distribution of the marital estate. Since we have held that the April 1980 order did not constitute an equitable division of the marital estate, it follows that the trial judge erred in striking paragraph three of the husband's petition. And we so hold.

The wife argues that in the divorce action, the husband did not seek an equitable distribution of the marital estate and consequently he cannot seek it in this action. The appealed order did not address this argument. The wife did not appeal this alleged deficiency of the appealed order nor did she in this appeal file additional sustaining ground; this argument is therefore rejected. And we so hold.

## CONCLUSION

For the reasons stated, the appealed order is reversed and the case is remanded for further proceedings in accordance with this decision.

Reversed and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.