FULCHER v. GOLDEN

[147 N.C. App. 161 (2001)]

---

GERALD L. FULCHER, JR. AND SUSAN HIBBS, INDIVIDUALLY AND AS CO-ADMINISTRATORS OF THE ESTATE OF GERALD FULCHER, PLAINTIFFS v. DELMAR C. GOLDEN, JR., A/K/A DELMER C. GOLDEN, JR., DEFENDANT

No. COA00-1474

(Filed 6 November 2001)

**1. Deeds— deed of gift—evidence insufficient**

The trial court did not err when sitting without a jury by finding that a deed was a deed of gift where defendant testified that he did not pay decedent at the time the deed was delivered to him, but had given him other money over the years; defendant had indicated to the register of deeds that there were no revenue stamps to be paid; and defendant and the deceased were not parent and child. Other than defendant's testimony that decedent was like a father to him, there was no evidence of "kindness" and "care" furnished by defendant to decedent in obedience to a moral obligation between parent and child.

**2. Deeds— recordation twenty years after making—void**

A deed of gift which was recorded 20 years after its making was void under N.C.G.S. § 47-26.

FULCHER v. GOLDEN

[147 N.C. App. 161 (2001)]

Appeal by defendant from judgment entered 18 August 2000 by Judge James E. Ragan, III in Carteret County Superior Court. Heard in the Court of Appeals 11 October 2001.

*Beswick, Marquardt & Goines, P.A., by George W. Beswick, for plaintiff-appellee.*

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C. R. Wheatly, III, for defendant-appellant.*

TYSON, Judge.

Delmar C. Golden, Jr. ("defendant") appeals the trial court's order declaring the defendant's Deed as a deed of gift and therefore void, and ordering that said Deed be stricken from the public records. We affirm the trial court's judgment.

## I.  Facts

On 14 November 1978, the deceased, Gerald Linwood Fulcher, executed a deed to defendant for property located in Carteret Count ("Deed"). Defendant placed the Deed in his gun cabinet at his residence. On or about 20 February 1979, defendant moved the Deed to a safe deposit box owned by the deceased. Sometime in 1982, defendant moved and took up residence in Ohio, leaving the Deed in the safe deposit box.

On 2 June 1999, a funeral was held for the deceased. Defendant returned to North Carolina to attend the funeral. On 2 June 1999, defendant went to the safe deposit box, removed the Deed and recorded it with the Carteret County Register of Deeds.

Gerald L. Fulcher, Jr. and Susan Hibbs ("plaintiffs") are the only heirs of Gerald Linwood Fulcher and co-administrators of his estate. Plaintiffs filed a complaint on 25 June 1999 seeking to set aside the Deed. The parties waived a jury trial and the matter was heard before Judge James E. Ragan, III on 26 June 2000. The trial court found the Deed to be a deed of gift which was void pursuant to G.S. § 47-26. The trial court ordered the Deed stricken from the public records and that a copy of the judgment be recorded in the Register of Deeds Office. Defendant appeals.

## II.  Issues

The sole issue presented by this appeal is whether the Deed from Gerald Linwood Fulcher to defendant was a deed of gift. Defendant

FULCHER v. GOLDEN

[147 N.C. App. 161 (2001)]

argues that the trial court erred in finding the Deed to be a deed of gift and finding the Deed void as not being recorded within two years from its making. Defendant's assignment of error requires a determination of whether there was consideration given for the grant of the Deed. We hold that there was not adequate consideration and that the Deed was a deed of gift.

## III. Consideration

[1] In all actions tried without a jury, the trial court is required to make specific findings of fact, state separately its conclusions of law, and then direct judgment in accordance therewith. N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (1999). "It is well settled that although the sufficiency of the evidence to support the trial court's findings may be raised on appeal, the 'appellate courts are bound by the trial courts' findings of fact where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary.' " *Chicago Title Ins. Co. v. Wetherington*, 127 N.C. App. 457, 460, 490 S.E.2d 593, 596 (1997) (quoting *In re Montgomery*, 311 N.C. 101, 110-11, 316 S.E.2d 246, 252-53 (1984)).

Defendant contends that plaintiffs failed to overcome the presumptions created by the recital of consideration in the deed and the execution of the deed under seal.

If consideration has been paid for a deed, it is not a deed of gift and its recordation is necessary only as against purchasers for value and lien creditors. *Higdon v. Davis*, 71 N.C. App. 640, 655, 324 S.E.2d 5, 15 (1984), *aff'd in part and rev'd in part*, 315 N.C. 208, 337 S.E.2d 543 (1985). A deed of gift is valid as to the parties and their heirs and assigns. Patrick K. Hetrick and James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina*, § 17-9 (1999). Where a deed recites the payment and receipt of a consideration, it is presumed to be correct and is prima facie evidence of that fact. *Pelaez v. Pelaez*, 16 N.C. App. 604, 606, 192 S.E.2d 651, 652 (1972). However, it is also true that this presumption of consideration may be rebutted by parol evidence. *Westmoreland v. Lowe*, 225 N.C. 553, 555, 35 S.E.2d 613, 614 (1945).

Our courts have also stated in many cases that a seal on a deed "imports" consideration or gives rise to a presumption that consideration was present. That presumption, too, can also be overcome by proof. *Patterson v. Wachovia Bank & Trust Co.*, 68 N.C. App. 609, 614, 315 S.E.2d 781, 784 (1984).

The trial court found: (1) that defendant did not in fact pay any money to decedent at the time the Deed was delivered to him, (2) that money given by defendant to decedent involving various business transactions was subsequent to the delivery of the Deed, (3) that the Deed bears no revenue stamps, and (4) that the Deed was a deed of gift. Since the trial court found that the Deed was a deed of gift, we proceed to the question of whether the findings are supported by competent evidence.

Defendant testified that decedent was like a father to him. Defendant further testified that he did not actually pay decedent ten dollars at the time the Deed was delivered to him, but gave decedent other money over the years. Defendant also testified that the Register of Deeds informed him that if there was any value paid for the property that he would need to pay revenue stamps. Defendant testified that he indicated to them that there were no revenue stamps to be paid.

Defendant relies on *Jones v. Saunders*, 254 N.C. 644, 119 S.E.2d 789 (1961) to support his proposition that the Deed was given in consideration of their close relationship. Our Supreme Court in *Jones* stated that "[l]ove and affection, recognition of kindness and care, and provision for the future of a child furnish adequate consideration as between parent and child . . . ." *Id.* at 649, 119 S.E.2d at 793.

Defendant and the deceased were not parent and child. Other than defendant's testimony that decedent was like a father to him, there was no evidence of "kindness" and "care" furnished by defendant to decedent in obedience to a moral obligation found between parent and child. *Id.* (citing *Allen v. Seay*, 248 N.C. 321, 323, 103 S.E.2d 332, 333 (1958)). We conclude that competent evidence was presented to support the trial court's finding this Deed to be a deed of gift.

## IV. Recordation

[2] N.C. Gen. Stat. § 47-26 (1999) provides: "[a]ll deeds of gift of any estate of any nature shall within two years after the making thereof be proved in due form and registered, or otherwise shall be void, and shall be good against creditors and purchasers for value only from the time of registration." The record shows that the Deed to defendant was recorded over twenty years after its making; therefore, by statute, the Deed is void. We hold that the trial court's finding that the Deed is void is supported by competent evidence.

**FULCHER v. GOLDEN**

[147 N.C. App. 161 (2001)]

The judgment of the trial court is affirmed.

Affirmed.

Judges MARTIN and WALKER concur.