RALPH DEES, JR. v. COLONIAL PIPELINE COMPANY.

(Filed 14 January, 1966.)

1. Easements § 2—

An easement may be created by agreement as well as by grant, and may be conditioned upon the happening of a stipulated event, and may be terminable upon the failure of the event.

**2. Same—**

An instrument denominated a "Right of Way Easement Option" granting a described right of way easement upon the payment of an initial consideration stipulated, with further provision that upon payment of an additional stipulated amount within four months the easement should become indefeasible, is not an ordinary option, and, upon the payment of the additional stipulated sum within the time specified, the easement becomes absolute and indefeasible.

APPEAL by plaintiff from *Armstrong, J.*, 12 April 1965 Regular Civil Session of GUILFORD (Greensboro Division).

This is a civil action in which the plaintiff seeks to recover a judgment to the effect that the easement claimed by defendant across plaintiff's land is a cloud on plaintiff's title.

The findings of fact and conclusions of law pertinent to this appeal are set forth in the judgment entered below as follows:

"THIS MATTER coming on to be heard and being heard before the Honorable FRANK M. ARMSTRONG, Judge Presiding at the regular 12 April 1965 Civil Session of the Superior Court of Guilford County Greensboro Division; and

"It appearing to the court that at pre-trial of this matter the parties entered into certain stipulations and agreements which have been introduced in evidence, and that the parties agreed to waive a jury and agreed that the court would find the facts, conclude the law and enter judgment herein without the intervention of a jury; and that pursuant to said agreement the plaintiff and the defendant introduced evidence and rested;

"Now, THEREFORE, upon the stipulations, evidence and record herein, the undersigned Judge does hereby find the facts to be as follows:

"1. That the plaintiff, being a citizen and resident of Guilford County, North Carolina, is the grantee of a deed to the property described in the complaint in Paragraph III thereof, said deed having been conveyed to him by Georgia (sic) Dees, single, dated 9 April 1963, and being duly recorded at Book 2081, Page 400, Guilford County Public Registry, on 16 April 1963.

"2. That Georgie Dees, single, by virtue of a deed to her from Ralph E. Dees, Sr., and wife, Janie M. Dees, recorded at Book 1091, Page 467, Guilford County Public Registry, was the record title owner of the property described in Paragraph III of the complaint herein from 1945 until 9 April 1963, when

she conveyed said property to plaintiff. That the plaintiff has not since 9 April 1963, conveyed said property in any manner.

"3. That on or about 21 November 1962, Georgie Dees executed and delivered to the defendant a paper writing, in evidence by stipulation, which is Exhibit A attached to the defendant's Answer herein, which instrument was also signed by Janie M. Dees, who is the mother of the plaintiff and Georgie Dees. That said instrument was duly recorded in the Guilford County Public Registry on 21 January 1963, at Book 2065, Page 530, and describes the same land as is described in the deeds referred to above and in the complaint. A (Said instrument in pertinent part grants to defendant an easement of right-of-way for pipeline purposes as more fully set out therein, on, over, and through said land, upon an initial consideration of $10.00 and further provides that upon the making of an additional payment of $316.00 within four months from date thereof said easement shall become indefeasible, the easement otherwise to cease and terminate at the end of such four months' period.) A The instrument provides for payments thereunder to be made to Janie M. Dees. EXCEPTION 2.

"4. That on or about 20 December 1962, the plaintiff executed a paper writing referred to as 'consent of tenant' to the defendant and delivered the same to the defendant, which instrument has been introduced in evidence by stipulation. The plaintiff therein gave his consent to defendant to construct, operate, and maintain a pipe line over the land in suit, subject to the terms of any easement which had been or might be granted to defendant by the owner of the land.

"5. That said defendant paid to Janie M. Dees the consideration of $10.00 referred to in the aforesaid instrument of record at Book 2065, Page 530, on or about 21 November 1962, and that defendant thereafter paid $316.00 to Janie M. Dees on or about 12 December 1962, within four months, pursuant to the terms of said instrument.

"6. B That it was the intention and agreement of the parties to said instrument recorded at Book 2065, Page 530, that the defendant, upon compliance with the terms of the instrument, should have an indefeasible right-of-way easement; that the terms of the instrument have been fully complied with by defendant; and that when plaintiff took title under deed recorded at Book 2081, Page 400, above referred to, he

did so subject to and with notice of said easement. B EX-CEPTION #3.

"WHEREFORE, the court, upon the foregoing findings of fact, concludes as a matter of law as follows:

"1. C That Georgie Dees, by the instrument recorded in Book 2065, Page 530, Guilford County Registry, conveyed to the defendant a right-of-way easement over, upon, and through the lands described in plaintiff's complaint, which has become indefeasibly vested in defendant.

"2. That the defendant's claim of a right-of-way easement does not constitute a cloud on plaintiff's title to the land described in the complaint. C EXCEPTION #4.

"Now, THEREFORE, it is ORDERED, ADJUDGED and DECREED that the plaintiff shall have and recover no relief against the defendant in this action; that the defendant's claim of easement under the instrument recorded in Book 2065, Page 530, Guilford County Registry, is not a cloud on plaintiff's title; and that defendant shall recover its costs of the plaintiff."

The plaintiff appeals, assigning error.

*Hoyle, Boone, Dees & Johnson for plaintiff appellant.*
*Wharton, Ivey & Wharton; Ervin, Horack, Snepp & McCartha for defendant appellee.*

DENNY, C.J. Plaintiff assigns as error finding of fact No. 3, to the effect that the instrument involved, in pertinent part, grants to the defendant an easement of right of way for pipeline purposes as more fully set out therein, on, over, and through said land, upon an initial consideration of $10.00, and further provides that upon the making of an additional payment of $316.00 within four months from date thereof said easement shall become indefeasible, the easement otherwise to cease and terminate at the end of such four months' period.

The appellant argues and contends the agreement, called a "Right of Way Easement Option," at most contemplates the conveyance of an easement *in futuro* and not *in praesenti* upon compliance with its terms. We do not concur in plaintiff's contentions.

In 17A Am. Jur., Easements, § 27, page 637, it is said:

"An easement may be created by agreement or covenant. An easement or a right in the nature of an easement may be created by words of covenant as well as by words of grant. A

covenant or agreement may operate as a grant of an easement if it is necessary to give it that effect in order to carry out the manifest intention of the parties. If the owner of land enters into a covenant concerning the land or its use and thereby subjects it, or his remaining property, to an easement, the covenant is construed the same as an express grant and by the same rules in accomplishing the intention of the parties," citing, among numerous other cases, *Waldrop v. Brevard,* 233 N.C. 26, 62 S.E. 2d 512.

The agreement involved herein, upon the initial payment of $10.00, granted a defeasible easement which was to become indefeasible upon the making of an additional payment of $316.00 on or before the expiration of four months from the execution thereof. The agreement simply created an option on the part of the defendant to determine whether or not it would pay the additional consideration in order to get an indefeasible easement. It is conceded that the additional consideration was paid within the time required by the agreement and that the agreement was executed under seal, duly acknowledged, and registered in the office of the Register of Deeds of Guilford County, North Carolina, on 21 January 1963, several months prior to the time the plaintiff acquired title to the property.

"No particular words are necessary to constitute a grant, and any words which clearly show the intention to give an easement, which is by law grantable, are sufficient to effect that purpose, provided the language is certain and definite in its terms." 28 C.J.S., Easements, § 24, page 677; *Borders v. Yarbrough,* 237 N.C. 540, 75 S.E. 2d 541.

The agreement involved herein is not an ordinary option involving the purchase and sale of real estate, requiring the execution of a deed in the event the option is exercised. The instrument involved herein granted a determinable easement upon the initial payment of $10.00, and became an absolute and indefeasible grant upon the payment of the additional consideration required within the time specified therein.

Determinable easements are well recognized, as in *Wallace v. Bellamy,* 199 N.C. 759, 155 S.E. 856, where an easement was granted, to terminate upon the construction of certain streets which would provide for ingress and egress to and from the property conveyed in lieu of the way granted in the easement. Likewise, in *McDowell v. R. Co.,* 144 N.C. 721, 57 S.E. 520, an easement for the construction of a railroad was granted on condition the road was constructed in five years; this was held to be a valid easement, subject

to terminate if the condition was not met. Also, in *Hall v. Turner,* 110 N.C. 292, 14 S.E. 791, the easement was to continue so long as grantee maintained a mill at a certain location.

In our opinion, the findings of fact by the court below are supported by competent evidence and the facts are sufficient to support the conclusions of law and the judgment entered below.

A careful review of all the appellant's assignments of error leads us to the conclusion they are without merit and are, therefore, overruled. The judgment entered below is

Affirmed.