WILLIAM L. HIGDON AND WIFE, JANE A. HIGDON v. KENNETH LARRY DAVIS AND WIFE, JENCY L. DAVIS

No. 54PA85

(Filed 10 December 1985)

1. Deeds §§ 8.1, 9— obligation in deed—sufficiency of consideration

An obligation imposed upon the grantees in a right-of-way deed to maintain an all-weather driveway across the right-of-way constituted sufficient consideration for the deed so that it was not a deed of gift.

2. Easements § 8.1— construction of easement deed

In construing a conveyance of an easement, whether or not executed prior to the effective date of N.C.G.S. § 39-1.1, the deed is to be construed in such a way as to effectuate the intention of the parties as gathered from the entire instrument.

3. Deeds § 15; Easements § 8— defeasible easement—reversion to owner of servient tract

When an easement is granted subject to a condition subsequent, the right of re-entry passes with the fee to the owner of the servient tract. Also, if a determinable easement terminates, it reverts to the owner of the servient tract rather than to the original grantor or his heirs.

4. Adverse Possession § 17.1— defeasible easement—conveyance of land with "all privileges and appurtenances"—reference to deed describing easement—insufficient to constitute color of title

Where a 1948 deed conveyed a driveway easement subject to defeasance if the owners of the dominant tract failed to maintain the driveway in an all-weather condition, and the jury found that the driveway was not maintained

Higdon v. Davis

as required, a 1971 deed to defendants' grantors which contained no specific reference to an easement, conveyed the fee with "all privileges and appurtenances thereto belonging," and referred to the description in a previous deed conveying both the land and easement did not constitute color of title because of the "all privileges and appurtenances thereto belonging" language so as to permit defendants to tack possession of their grantors to their possession for four and one-half years under color of title since (1) if the easement was still in existence at the time of execution of the 1971 deed and was in fact appurtenant to the tract conveyed, the deed actually conveyed the defeasible easement and could not constitute color of title to the easement, and (2) if the easement had determined prior to the 1971 conveyance and thus was not in fact appurtenant to the tract conveyed, the inclusion of "all privileges and appurtenances thereto belonging" would not convey the easement. Furthermore, the 1971 deed did not constitute color of title because of its reference to a prior deed containing descriptions of both the land and easement since (1) if the easement had not been extinguished prior to the execution of the 1971 deed, the deed actually conveyed the defeasible easement, and (2) if the easement was extinguished by operation of the limitation in the deed by which it was created, a subsequent deed referencing the deed containing the limitation could not grant more than the referenced deed and thus could not constitute color of title.

ON discretionary review, pursuant to N.C.G.S. § 7A-31, of a unanimous decision of the Court of Appeals, reported at 71 N.C. App. 640, 324 S.E. 2d 5 (1984), affirming in part and reversing in part a judgment entered by *Cornelius, J.* on 5 August 1983 in MACON County Superior Court and remanding for new trial on one issue. Heard in the Supreme Court on 9 September 1985.

*Coward, Dillard, Cabler, Sossomon and Hicks, by Orville D. Coward, Jr. and Monty C. Beck, for plaintiff-appellants.*

*Jones, Key, Melvin and Patton, by R. S. Jones, Jr. and Chester Marvin Jones, for defendant-appellees.*

BILLINGS, Justice.

Plaintiffs instituted this action on 29 July 1980 to quiet title to certain real property located in Franklin, Macon County, North Carolina, specifically requesting that the defendants' claim to an easement across the property be determined and claiming a right of re-entry. By answer, the original defendants (hereinafter referred to as defendants) alleged ownership of the easement by record title, by prescriptive easement acquired by twenty (20) years' adverse use, and by prescriptive easement acquired by seven (7) years' adverse use under color of title.

On 13 May 1985 this Court allowed defendants' motion to substitute as parties defendant Jackson T. Roper and wife, Jewell R. Roper to whom defendants' property was conveyed on 27 March 1985.

By deed dated 5 January 1976, the defendants acquired title to a tract of land adjoining the plaintiffs' property. Both the plaintiffs' property and the defendants' property border city streets in the town of Franklin. The defendants' deed also conveyed a twelve-foot right-of-way, adequately described, across the plaintiffs' property. No reference is made in the deed to any previous conveyances of an easement or right-of-way, and no conditions or references to conditions are included. The grantors specifically excluded the right-of-way from the warranty of title. A few months before institution of this action, the defendants constructed an asphalt driveway over the right-of-way.

Allegations of the complaint admitted in the answer and evidence offered at trial established the following chain of events:

On 14 June 1948, Hallie C. Cozad, widow, Mildred C. Brown and husband, C. S. Brown, Jr. and Margaret C. Wall and husband, John O. Wall, plaintiffs' predecessors in title to the servient tract, conveyed to R. D. Rogers, defendants' predecessor in title to the dominant tract, a twelve-foot right-of-way across the land that now belongs to the plaintiffs for the purpose of providing a driveway to Rogers' adjoining property.

The deed establishing the right-of-way recited that it was given "for and in consideration of the sum of One Dollar to them in hand paid, and other valuable consideration, receipt of which is hereby acknowledged, . . ." The deed further provided:

This right of way is given to the party of the second part for the purpose of constructing a graveled driveway to the property of party of the second part, and the parties of the first part reserve unto themselves, their heirs and assigns, the right in common with party of the second part, to use said right of way for ingress and egress to their property or to the Co-Jo Filling Station Property.

The consideration for which this right of way deed is made is that party of the second part, his heirs and assigns, shall always maintain an all weather drive over said right of way

and should they fail to do so this deed shall be null and void and the rights hereby conveyed shall revert to parties of the first part, their heirs and assigns.

The right-of-way deed was not proved and recorded until 10 June 1959.

On 21 July 1948, just over one month after execution of the right-of-way deed, R. D. Rogers and wife conveyed to W. G. Hall and wife a tract of land which included the dominant tract, along with the twelve-foot right-of-way. This deed (hereinafter referred to as the Rogers to Hall deed) specifically described the right-of-way and stated that it was "the right of way described in a deed from Hallie C. Cozad, widow, *et al.*, to R. D. Rogers, dated June 14, 1948, and this deed is made subject to the conditions contained in said right of way deed." [Note that at this time the deed from Cozad, *et al.* to Rogers had not been recorded.]

On 20 August 1962, Hallie C. Cozad, widow, Mildred C. Brown and husband, C. S. Brown, Jr., and Margaret C. Wall and husband, John O. Wall, recorded an instrument which referred to the right-of-way deed dated 14 June 1948 (recorded 10 June 1959) and which contained the following:

WHEREAS, said right of way was conveyed to R. D. Rogers for the purpose of constructing a graveled driveway to his property, and the sole consideration for the conveyance of said right of way was that R. D. Rogers, his heirs and assigns, would construct and maintain an all weather drive over said right of way, and upon their failure to do so said deed and the title conveyed thereby became null and void and the rights conveyed reverted to the grantors in said deed, their heirs and assigns; and

WHEREAS, said driveway was never constructed and therefore said deed is now null and void and the rights thereby conveyed have reverted to the undersigned.

NOW, THEREFORE, the undersigned hereby declare under oath that said driveway was never constructed and they hereby declare said deed null and void, and hereby withdraw any and all rights thereby conveyed.

Although the trial judge excluded this instrument from evidence at trial, its execution and filing were admitted by the defendants in their answer.

Thereafter, the dominant tract was conveyed as follows:

1. 19 August 1965. W. G. Hall and wife Avia Hall, to Marshall McElroy. The deed description is:

> the land described in a deed from R. D. Rogers and wife Ellen Rogers to W. G. Hall and wife Avia Hall, dated July 21, 1948 and recorded in the office of Register of Deeds for Macon County, North Carolina, in Deed Book V-5, page 248, . . .

with the exception of a portion previously conveyed to another grantee. The deed makes no specific conveyance of an easement or right-of-way, although the fee is conveyed along with "all privileges and appurtenances thereunto belonging." Therefore, to identify the property conveyed, one must examine the Rogers to Hall deed.

2. 8 September 1965. Marshall McElroy and wife, Freddie H. McElroy to L. C. Higdon and wife, Frances Higdon. The description is the same as in the Hall to McElroy deed and makes reference to that deed.

3. 10 February 1971. L. C. Higdon, widower, to Emerson G. Crawford and wife, Marjorie H. Crawford (hereinafter referred to as the Higdon to Crawford deed). The description is identical to the two previous deeds and makes specific reference to them.

4. 5 January 1976. Emerson G. Crawford and wife, Marjorie H. Crawford to the defendants.

Upon motion of the plaintiffs, the trial judge appointed a court surveyor to "survey and map the contentions of the parties," as there was disagreement regarding the location of the easement granted in 1948.

The matter came on for trial before Judge Preston Cornelius and a jury at the 1 August 1983 session of Macon County Superior Court.

The plaintiffs tendered certain issues which were rejected by the court. Among them were the following:

1. Does the description in the right of way deed dated June 14, 1948, describe the green area, G-H-I-J-G, or the red area, C-E-F-D-C?

4. Did Hallie C. Cozad, Mildred C. Brown and husband, C. S. Brown, Jr., and Margaret C. Wall and husband, John O. Wall, Grantors in the right of way deed dated June 14, 1948, receive any consideration for it?

The plaintiffs did not request an issue as to whether the defendants had acquired title by adverse use for seven (7) years under color of title. Further, the plaintiffs objected to the submission of that issue tendered by the defendants, both on the ground that the evidence failed to support the issue and on the ground that North Carolina does not allow acquisition of an easement by seven (7) years' adverse use under color of title.

The defendants proposed the following issues which were submitted to the jury and answered as indicated:

1. Did the Defendants and their predecessors in title fail to construct within a reasonable time a driveway, and thereafter, fail to always maintain the same in an all-weather condition, as contemplated in the easement deed from Hallie C. Cozad and others to R. D. Rogers dated June 14, 1948?

   Answer: Yes.

2. Have Defendants and their predecessors in title acquired an easement over the land of the Plaintiffs by adverse use of the road shown on the Court map in the green lines for a period of twenty years before this action was filed on July 29, 1980?

   Answer: No.

3. Did Defendants and their predecessors in title acquire an easement over the land of the Plaintiffs by adverse use of the road shown on the Court map in the green lines for a period of seven (7) years *under the easement deed from*

*R. D. Rogers and wife to W. G. Hall and wife?* [Emphasis added.]

Answer: Yes.

Based upon the jury's verdict, the trial judge entered judgment declaring the defendants to be the owners of the easement shown on the court map and delineated by green lines.

On appeal, the Court of Appeals, in a unanimous opinion, affirmed the judgment except as to the part locating the easement within the green lines on the court map. Finding error in the trial court's refusal to submit plaintiffs' issue number one, the Court of Appeals remanded for a new trial on the location of the easement. The Court of Appeals also affirmed the trial court's failure to submit an issue (plaintiffs' proposed issue 4) regarding whether the Cozad, *et al.* to Rogers deed was a deed of gift.

Because we conclude that the defendants are not possessed of an easement across the plaintiffs' land, the location of the right-of-way is immaterial, and remand for trial of plaintiffs' proposed issue number one is unnecessary.

[1] We agree with the Court of Appeals that the trial judge properly rejected plaintiffs' issue number four, relating to the absence of consideration for the 14 June 1948 right-of-way deed. The right-of-way deed was not recorded for eleven years. Because a deed of gift is void in North Carolina if not recorded within two years after its execution, N.C.G.S. § 47-26, the plaintiffs contend that the trial judge should have submitted to the jury the proposed issue number four. The right-of-way deed, besides reciting consideration as "One Dollar and other valuable consideration," contained a statement that the consideration for the conveyance was the obligation imposed upon grantees to maintain an all-weather driveway across the right-of-way, usable by all parties. This obligation constituted consideration. *Carolina Helicopter Corp. v. Cutter Realty Co.,* 263 N.C. 139, 139 S.E. 2d 362 (1964). The fact that the driveway was not maintained (as the jury determined) does not convert a deed supported by consideration into a deed of gift. Breach of the grantees' obligation created rights in the grantor to seek either legal or equitable relief because of the breach but did not alter the nature of the instrument.

Having determined that the deed conveying the right-of-way was not void, we are next asked to determine whether effect may be given to the portion of the deed which places a limitation or condition upon the conveyance.

The defendants contend that the defeasance language in the description portion of the deed should not be given effect because no such limitation or condition is contained in either the granting clause or the habendum clause, citing *Artis v. Artis*, 228 N.C. 754, 47 S.E. 2d 228 (1948) and *Whetsell v. Jernigan*, 291 N.C. 128, 229 S.E. 2d 183 (1976). Because the deed was executed prior to 1 January 1968, N.C.G.S. § 39-1.1, which requires courts to determine the intent of the parties "as it appears from all of the provisions of the instrument," is not applicable. *See Whetsell v. Jernigan, id.* at 133, 229 S.E. 2d at 187.

However, because the 14 June 1948 deed conveyed an easement rather than a fee, we find that the rules applicable to its construction are the rules for construction of contracts. *Weyerhaeuser Company v. Light Company*, 257 N.C. 717, 127 S.E. 2d 539 (1962); *Price v. Bunn*, 13 N.C. App. 652, 187 S.E. 2d 423 (1972). As stated by this Court in *Weyerhaeuser*:

> An easement is an interest in land, and is generally created by deed. . . . An easement deed, such as the one in the case at bar, is, of course, a contract. The controlling purpose of the court in construing a contract is to ascertain the intention of the parties as of the time the contract was made . . . . The intention of the parties is to be gathered from the entire instrument and not from detached portions. . . . An excerpt from a contract must be interpreted in context with the rest of the agreement. . . . When the language of a contract is clear and unambiguous, effect must be given to its terms, and the court, under the guise of constructions, cannot reject what the parties inserted . . . . It is the province of the courts to construe and not to make contracts for the parties. . . . The terms of an unambiguous contract are to be taken and understood in their plain, ordinary and popular sense.

257 N.C. at 719-20, 127 S.E. 2d at 541.

[2]   We hold that in construing a conveyance of an easement, whether or not executed prior to the effective date of N.C.G.S. § 39-1.1, the deed is to be construed in such a way as to effectuate the intention of the parties as gathered from the entire instrument. In the instant case, it is clear that the parties intended for the conveyance to be made subject to the condition.

We next consider the effect of the defeasance language in the Cozad *et al.* to Rogers deed, carried forward by reference in the Rogers to Hall deed. In their brief, the defendants argue that the defeasance language in the easement deed created an easement on condition subsequent which does not determine automatically but requires re-entry upon the happening of the condition. Case law distinguishes between a determinable fee and a fee subject to a condition subsequent. In the case of a determinable fee, reverter is automatic upon the happening of the determining event, whereas if a conveyance is of a fee subject to a condition subsequent, the grantor or his heirs must re-enter after breach of the condition in order to terminate the grantee's fee. *Mattox v. State*, 280 N.C. 471, 186 S.E. 2d 378 (1972).

From a review of the cases in this State, it is obvious that our courts have held that an easement may be a determinable easement or an easement subject to a condition subsequent. *Dees v. Pipeline Co.*, 266 N.C. 323, 146 S.E. 2d 50 (1966); *Wallace v. Bellamy*, 199 N.C. 759, 155 S.E. 856 (1930); *McDowell v. Railroad Co.*, 144 N.C. 721, 57 S.E. 520 (1907); *Hall v. Turner*, 110 N.C. 292, 14 S.E. 791 (1892); *Price v. Bunn*, 13 N.C. App. 652, 187 S.E. 2d 423 (1972). *See* Hetrick, *Webster's Real Estate Law in North Carolina* § 339 (rev. ed. 1981). However, cases suggest that re-entry is not required to terminate an *easement* subject to a condition subsequent if the owner of the servient tract is already in possession. *See McDowell v. Railroad Co.*, 144 N.C. 721, 57 S.E. 520 (1907); *Price v. Bunn*, 13 N.C. App. 652, 187 S.E. 2d 423 (1972).

[3]   We note also that when there is a right of re-entry for condition broken in regard to a fee granted subject to a condition subsequent, that right is exercisable only by the grantor or his heirs. *Brittain v. Taylor*, 168 N.C. 271, 84 S.E. 280 (1915). However, the cases seem to assume [*See, e.g., Wallace v. Bellamy*, 199 N.C. 759, 155 S.E. 2d 856 (1930)], and we hold, that when an easement is granted subject to a condition subsequent, the right of re-entry

passes with the fee to the owner of the servient tract. The same is true of a determinable easement; if the easement terminates, it reverts to the owner of the servient tract rather than to the original grantor or his heirs.

We believe it is unnecessary for us to determine whether re-entry was necessary in this case or what effect, if any, should be given the document filed by Cozad *et al.* on 20 August 1962 purporting to declare the deed of easement null and void. In the first place, if re-entry was necessary, the plaintiffs' action herein to quiet title constitutes re-entry. *Brittain v. Taylor*, 168 N.C. 271, 84 S.E. 280 (1915). The jury having found that the driveway was not maintained as required, the plaintiffs were entitled to have the easement declared void, in the absence of a determination that the right of re-entry was waived or that the plaintiffs were estopped to re-enter. *Barkley v. Thomas*, 220 N.C. 341, 17 S.E. 2d 482 (1941). No issue of estoppel or waiver was raised either in the pleadings or in the requests for issues to be submitted to the jury.

Further, the case was tried before the jury and presented to the Court of Appeals upon the theory that the plaintiffs were entitled to removal of the easement as a cloud on their title if the all-weather driveway was not maintained within a reasonable time after the grant of the easement, unless the defendants could establish adverse possession. No question of the necessity for re-entry was raised in the petition to this Court for discretionary review.

The jury having found that the driveway was not maintained as required and that the defendants and their predecessors in title have not acquired an easement by adverse use for 20 years, the focus of the parties' argument centers on whether an easement may be acquired by adverse use for seven years under color of title and whether the evidence of adverse use under color of title was sufficient to justify submission of the issue to the jury.

Because we find that the evidence as a matter of law does not support a finding of seven years' use of the easement under color of title, we decline to decide whether in North Carolina an easement may be acquired by seven years' adverse use under color of title.

The issue as submitted to the jury asked whether the defendants had used the easement for seven years "under the easement deed from R. D. Rogers and wife to W. G. Hall and wife."

As will be noted below, the defendants must show that the deed just prior to their deed constitutes color of title to the easement in order to satisfy the requirement for seven years' use under color of title. Unless that can be established, the defendants' claim fails, regardless of the nature of the Rogers to Hall deed.

We note that because Rogers conveyed the easement to Hall just over a month after Cozad *et al.* conveyed the easement to him, the defeasance could not have occurred by the time of the Rogers to Hall deed, and the deed actually conveyed the dominant tract and the defeasible easement. The Court of Appeals so held,[1] and the parties agree.

The defendants contend that the issue referred to the Rogers to Hall deed, however, so as not to confuse the jury, since that deed was the last deed prior to the 5 January 1976 deed from Crawford to the defendants which contained a metes and bounds description, and the subsequent deeds, necessary to the defendants' claim, reference that deed. The Rogers to Hall deed was therefore used in the issue merely to identify the easement. The Court of Appeals held that because the plaintiffs had not objected to the form of the issue, they had waived any objection to it. Although the plaintiffs may have failed to suggest a different wording for the issue and thus have waived objection to the wording, *Baker v. Construction Corp.*, 255 N.C. 302, 121 S.E. 2d 731 (1961), they clearly preserved their objection to submission of *any* issue on adverse use under color of title.

Although we do not approve the wording of the issue as submitted to the jury, we will consider the issue of adverse use under color of title as though the jury had based its affirmative

---

1. Here it is interesting to note that the Court of Appeals assumed that the defeasance occurred during the period after the Halls acquired the dominant tract and easement in 1948 and before they conveyed the dominant tract on 19 August 1965. Since there is nothing in the issue submitted to the jury to indicate *when* defeasance occurred, we are unable to pinpoint the time of the occurrence, unless we give effect to the 20 August 1962 document executed and filed by Cozad *et al.*

answer to that issue upon consideration of the 10 February 1971 Higdon to Crawford deed, rather than upon the Rogers to Hall deed.

As noted previously, the 5 January 1976 deed from Crawford to defendants conveyed the dominant tract plus an unrestricted, unconditional easment described by metes and bounds. If at the time of that conveyance the Crawfords did not have title to the easement, the deed would constitute color of title. But *see Hensley v. Ramsey*, 283 N.C. 714, 199 S.E. 2d 1 (1973). However, this action was instituted on 29 July 1980, only four and one-half years after execution of that deed. Thus, in order for the defendants to establish the requisite seven years' use under color of title, they must tack their use under color of title to that of previous owners.

[4] Emerson G. Crawford and wife, Marjorie H. Crawford, acquired title to the dominant tract on 10 February 1971. If, as we have assumed the jury found, the deed into them also constituted color of title to the easement and their use thereunder can be tacked to the defendants' use, the seven years time period would be satisfied. Therefore, it is necessary to examine the 10 February 1971 deed to determine whether possession thereunder constitutes possession under color of title which the defendants may tack to the four and one-half years under their deed.

The 10 February 1971 deed is from L. C. Higdon, a widower, to Emerson G. Crawford and wife, Marjorie H. Crawford. The complete description is as follows:

In the Town of Franklin, North Carolina, on the North side of Wayah Street, being the land described in a deed from R. D. Rogers and wife, Ellen Rogers to W. G. Hall and wife, Avia Hall, dated July 21, 1948, and recorded in the Office of Register of Deeds for Macon County, North Carolina, in Deed Book V-5, page 248; EXCEPT THEREFROM the land described in a deed from W. G. Hall and wife, Avia Hall to E. A. Frizzell and wife, Velma Frizzell, dated February 21, 1957, and recorded in the Office of Register of Deeds for Macon County, North Carolina, in Deed Book 1-6, page 690.

This is the same land described in the Deed from Marshall McElroy and wife, Freddie H. McElroy to L. C. Higdon and

wife, Frances Higdon, dated 8 September, 1965, recorded in Deed Book J-7, page 244, Public Land Records of Macon County, North Carolina.

. . . .

To HAVE AND TO HOLD the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said parties of the second part, their heirs and assigns, to their only use and behoof forever.

As will be noted, this deed contains no specific conveyance of an easement or right-of-way. The only way in which the deed could convey an easement is through operation of the general provision that the conveyance includes "all privileges and appurtenances thereto belonging" or a construction of the conveyance to be a specific conveyance both of the "land" and of the easement conveyed by the referenced Rogers to Hall deed. We hold that in neither case would the deed constitute "color of title" to the easement claimed by the defendants.

If the easement was still in existence at the time of execution of the deed and in fact appurtenant to the tract conveyed, then the deed actually conveyed the easement subject to the condition and could not constitute color of title to the unlimited easement claimed by the defendants. If the easement had determined prior to the conveyance and thus was not in fact appurtenant to the tract conveyed, the inclusion of "all privileges and appurtenances thereto belonging" would not convey an easement.

Apparently the defendants are contending that because the condition in the Cozad et al. to Rogers deed, specifically referenced in the Rogers to Hall deed, was not satisfied within a reasonable time, the easement became null and void. Subsequent deeds conveyed the easement by reference, but since it was an easement which the grantors did not then have, the defendants assert that those deeds, including the Crawford to defendants deed, constitute color of title.

Assuming arguendo that a deed which conveys "land" by reference to a deed which contains a description of land plus a description of an easement appurtenant to the land is a specific conveyance of the easement as well as the land, the defendants' reasoning is faulty for two reasons.

First, as discussed earlier, if the conveyance was on a condition subsequent requiring re-entry, although the jury determined that the condition (failure to keep up the driveway) had occurred, they did not determine that a re-entry was made prior to institution of the present action to remove the cloud from the plaintiffs' title. If the easement had not been extinguished by re-entry at the time of execution of the deeds relied upon, the deeds actually conveyed the defeasible easement.

On the other hand, if the easement did terminate automatically, prior to the execution of the 10 February 1971 deed, upon failure of the owners of the dominant tract to maintain the driveway, or if re-entry was in fact effected, the deeds subsequent to the termination could not constitute color of title because they showed on their face that they were limited to whatever was conveyed by the Rogers to Hall deed, which was a defeasible easement, later defeated.

As this Court said in *Wallace v. Bellamy*, 199 N.C. 759, 765, 155 S.E. 856, 859-60 (1930):

> The single claim they [the defendants] had was the easement; they did not assert any other title to the disputed land at the time of their entry. By the terms of the deed, in a certain event the easement was to cease. Claiming under the deed granting the easement, the defendants confirmed it; by claiming the benefits they assumed the imposed burdens; they may not assail the deed upon which at the same time they base their right of entry. [Citations omitted.] This is not a denial of their right to establish subsequent adverse possession, but it is a denial of their right to tack their subsequent possession to the alleged adverse possession of those who occupied the property previously to the entry of the defendants under the limitations of their deed.

*If* the easement in this case was extinguished by operation of the limitation in the deed by which it was created, a subsequent deed referencing the deed containing the limitation could not grant more than the referenced deed, and thus could not constitute color of title. While extinguishment of the interest removes any right of the grantee to claim the interest *pursuant to the deed*, continued adverse use may ripen into adverse possession *not* under color of title. In the instant case, the jury found

that the defendants had not established adverse use for the twenty years necessary to establish an easement by prescription not under color of title.

We therefore conclude that the evidence was insufficient as a matter of law to justify submission to the jury of issue number three.

The jury having answered in favor of the plaintiffs the first two issues, and this Court having determined as a matter of law that the issue of seven years' adverse use under color of title should not have been submitted to the jury, that part of the Court of Appeals' decision which affirmed the submission of that issue and judgment for the defendants is reversed.

That part of the Court of Appeals opinion which affirmed the trial judge's determination that the Cozad *et al.* to Rogers deed was supported by consideration and was not a deed of gift is affirmed.

Because we have determined that the defendants have no easement over the plaintiffs' land, there is no reason for a jury to determine the location of the original easement; therefore the order of the Court of Appeals remanding the case for trial of that issue is reversed.

This matter is remanded to the Court of Appeals for further remand to the Superior Court of Macon County for entry of judgment based upon the jury's answers to issues one and two.

Affirmed in part, reversed in part and remanded.