HOWELL v. CLYDE

[127 N.C. App. 717 (1997)]

_____

RAYMOND P. HOWELL, PLAINTIFF v. DAVID CLYDE, DEFENDANT

No. COA96-1264

(Filed 18 November 1997)

1. **Easements § 10 (NCI4th)— creation of defeasible easement**

    An instrument conveyed a defeasible easement, either determinable or subject to conditions subsequent, where it provided that if all or any one part of stated conditions are violated, the instrument shall be void and the grantors or their heirs and assigns may re-enter and take possession of the easement.

2. **Easements § 48 (NCI4th)— defeasible easement—termination—recordation not required**

    Recordation of a purported termination of a defeasible access easement, whether determinable or subject to conditions subsequent, was not required to make such termination effective as against a bona fide purchaser for value of the property benefited by the easement.

Appeal by defendant from judgment entered 9 August 1996 by Judge R. Alexander Lyerly in Watauga County District Court. Heard in the Court of Appeals 21 May 1997.

*di Santi Watson, by Anthony S. di Santi, for plaintiff-appellee.*

*McElwee & McElwee, by John M. Logsdon, for defendant-appellant.*

JOHN, Judge.

Defendant appeals the trial court's entry of summary judgment in favor of plaintiff. In this controversy regarding an easement granted to plaintiff's predecessors in title, defendant contends the court erroneously concluded that the recording statute, N.C.G.S. § 47-18 (1984), protected plaintiff as a bona fide purchaser for value from oral termination of the easement. We reverse the trial court.

Pertinent facts and procedural history include the following: In an agreement dated 15 September 1969 and recorded 22 September 1969, Ray A. Warren and spouse Hazel Warren (the Warrens) granted to Scenic Views, Inc. (Scenic Views), a 30 foot wide access easement (the easement) across certain property the couple owned in Watauga County. The instrument granting the easement provided, *inter alia,* as follows:

> As a substantial part of the consideration, for this easement, the party of the second part, its successors and assigns, agrees to faithfully perform the following conditions:
>
> 1. That legally binding restrictions will be imposed upon the property owned by the party of the second part, its successors and assigns, and to which the easement is granting access, limiting said property to residential use, and that no trailers, trailer park, campground, shacks, or outside toilets, shall be erected thereon.
>
> . . . .
>
> It is specifically agreed that the party of the second part, its successors and assigns will faithfully perform the foregoing conditions and that if all or any one part thereof is violated, this instrument shall be void and the parties of the first part or their heirs and assigns, may re-enter and take possession of the above described access route.

By a series of mesne conveyances, plaintiff acquired the property benefitted by the easement and previously owned by Scenic Views. Likewise by a series of mesne conveyances, defendant acquired the property previously owned by the Warrens. The deeds of both

plaintiff and defendant specifically refer to the easement. Neither the respective chains of title nor validity of the various deeds are in dispute.

Defendant asserts, and "for purposes of summary judgment" plaintiff does not contest, that conditions contained in the instrument granting the easement were breached when plaintiff's predecessors in title, Norbert F. Goode and Myra V. Mayse, raised goats for commercial purposes and located a trailer on the property. Defendant allegedly informed Goode and Mayse that the easement was terminated, and thereafter locked the gates located at either end of the easement. No instrument terminating the easement was recorded.

Plaintiff purchased the Scenic View property and recorded the conveyance 21 June 1995. At about the same time, he went to defendant's home and obtained the combination for the locks on the gates controlling the easement. The parties do not agree as to whether this occurred prior or subsequent to plaintiff's purchase of the property. Similarly disputed is whether plaintiff took possession of the property subject to notice that defendant believed the easement was terminated.

On 19 February 1996, plaintiff initiated the instant declaratory judgment action seeking interpretation of the instrument granting the easement. Plaintiff's complaint included a prayer for both preliminary and permanent injunctions precluding defendant from denying plaintiff access to the easement. Plaintiff also sought damages for the alleged wrongful denial of his access to the easement. A preliminary injunction issued 4 March 1996 in Watauga County District Court.

Defendant answered, and by means of counterclaim, asserted the easement granted to plaintiff's predecessors in title was a defeasible easement which had been terminated:

> The easement . . . was either a determinable easement, which terminated automatically when the express conditions were violated, or an easement subject to conditions subsequent, which terminated when the defendant re-entered and took possession of the easement after the conditions were violated by informing the owners of the property of the termination and locking the gate to the property.

By way of the counterclaim, defendant sought the court's directive quieting title to his property. Plaintiff's reply alleged that any purported termination of the easement was unrecorded, and that plain-

tiff's continued rights in the easement as a bona fide purchaser for value were thus superior to those of defendant.

Plaintiff's 9 May 1996 summary judgment motion came on for hearing 17 July 1996. In an order entered 9 August 1996, the trial court set out the following conclusions of law:

1. An easement is an interest in real property, and the provisions of the Connor Act . . . are applicable to easements in real property.

2. The Connor Act was enacted for the purpose of providing a plan and a method by which an intending purchaser or encumbrancer can safely determine just what kind of title he is in fact obtaining.

3. The purpose of the Connor Act is to give notice, and where the index is sufficient to put a careful and prudent examiner upon inquiry, the records are notice of all matters which would be discovered by reasonable inquiry. The records are intended to be self-sufficient, and a person examining a title is not required to go out upon the premises and ascertain who is in possession and under what claim.

4. For a termination of an easement in real property to be effective and applicable to a bona fide purchaser for value, a sufficient notice of the termination must be recorded in the county where the real property is located to comply with the provisions of the Connor Act.

The court thereupon entered summary judgment in favor of plaintiff and permanently enjoined defendant from interfering with the recorded easement. Defendant timely appealed.

On 6 September 1996, defendant moved to suspend the judgment pursuant to N.C.G.S. § 1A-1 Rule 62(c) (1990). Following a 14 October 1996 hearing, the motion was denied. On 24 October 1996, defendant petitioned this Court seeking a temporary stay of the judgment and issuance of a writ of supersedeas. An order allowing the temporary stay issued 24 October 1996. The stay was dissolved and the "Petition for Writ of Supersedeas" allowed in an order entered 6 November 1996.

N.C.G.S. § 47-27 (1984) provides as follows:

No deed, agreement for right-of-way, or easement of any character shall be valid as against any creditor or purchaser for a valu-

able consideration but from the registration thereof within the county where the land affected thereby lies.

As a result,

the first to record an interest in land holds an interest superior to all other purchasers for value, regardless of actual or constructive notice as to other, unrecorded conveyances.

*Rowe v. Walker*, 114 N.C. App. 36, 39, 441 S.E.2d 156, 158 (1994), *aff'd per curiam*, 340 N.C. 107, 455 S.E.2d 160 (1995).

The question presented herein is whether defendant's failure to record the alleged termination of the easement accorded plaintiff a superior interest therein. This Court was confronted with a similar problem in *Price v. Bunn*, 13 N.C. App. 652, 187 S.E.2d 423 (1972).

In *Price*, we considered the effect of a deed granting an easement to flood and impound water upon the grantor's lands "forever or so long as" the grantee or successors used the easement, and providing that in the event the grantee

should fail to keep up and maintain the dam across Moccasin Creek, and should fail to use the rights and privileges . . . for the period of five years, the terms of this easement shall become null and void and of no effect, and the property and rights herein given, granted, and conveyed, shall revert to [the grantor].

*Id.* at 655, 187 S.E.2d at 425.

We held the language of the deed accorded to the grantee a determinable, or defeasible, easement, and noted that

[t]he estate known as the fee simple determinable is created when apt and appropriate language is used by a grantor or devisor indicative of an intent on the part of the grantor or devisor that a fee simple estate conveyed or devised will expire *automatically* upon the happening of a certain event or upon the discontinuance of certain existing facts. Typical language creating such estates may specify that the grantee or devisee shall have land "until" some event occurs, or "while," "during," or "for so long as" some state of facts continues to exist. Upon the happening of the specified event, the fee simple determinable automatically terminates, and reverts to the grantor or to his heirs. . . . When the specified event occurs, the possessory estate of the

grantee or devisee ends by operation of law automatically and without the necessity of any act or re-entry, without the institution of any lawsuit, or the intervention of any court.

*Id.* at 659, 187 S.E.2d at 427 (quoting Webster, Real Estate Law in North Carolina, § 35, p. 49) (emphasis in Webster).

The dam at issue in *Price* had washed out prior to 1951, and was not rebuilt until 1966. We held that the failure of the grantee or his successors to exercise the rights granted by the easement for a period of five years following grant thereof caused automatic termination of the easement and reversion of the rights and interests previously created to the grantor and his successors. *Price*, 13 N.C. App. at 660, 187 S.E.2d at 428.

[1] We conclude the instrument granting the easement *sub judice* contained certain conditions upon the occurrence of which the easement was defeasible. The instrument provided that "if all or any one part" of the stated conditions

is violated, this instrument shall be void and the parties of the first part or their heirs and assigns, may re-enter and take possession of the above described [easement].

Whether the defeasible easement conveyed by the instrument was a determinable easement as in *Price* or an easement subject to a condition subsequent, as defendant pleads alternatively, is an issue we need not resolve at this juncture. The trial court entered summary judgment in favor of plaintiff solely in consequence of its determination that the undisputed facts showed defendant had failed to record any purported termination of the easement. The court thus considered plaintiff's duly recorded interest in the easement to be superior as a matter of law to that of defendant.

[2] However, *Price* and *Higdon v. Davis*, 315 N.C. 208, 337 S.E.2d 543 (1986), indicate that recordation of termination of the easement, whether determinable or subject to conditions subsequent, was not required to make such termination effective as against plaintiff. In the case of a determinable easement, "reverter is automatic upon the happening of the determining event," whereas with an easement subject to a condition subsequent, the grantor or successors thereto "must re-enter after breach of the condition in order to terminate the grantee's fee" unless "owner of the servient tract is already in possession." *Id.* at 216, 337 S.E.2d at 547-48. Plaintiff has cited no authority, nor have we located any, requiring the further step of recordation

STANLY COUNTY DSS ex rel. DENNIS v. REEDER

[127 N.C. App. 723 (1997)]

to terminate a defeasible easement under the circumstances *sub judice. See Lawing v. Jaynes and Lawing v. McLean*, 285 N.C. 418, 206 S.E.2d 162 (1974) (registration of instrument not entitled or required by statute to be recorded not constructive notice to subsequent purchasers). We therefore reverse the trial court's judgment grounded exclusively upon defendant's failure to record the alleged termination of the easement and remand this case for further proceedings.

Reversed and remanded.

Judges GREENE and WALKER concur.